IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROBERT LYMAN BREHM,

      Petitioner,

vs.                              Case No. 5:11cv107/RH/EMT

PAIGE AUGUSTINE, WARDEN,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

This cause is before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (doc. 1).  Warden Augustine filed a response (doc. 10), and Petitioner filed a reply (doc. 12).

This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b).  After careful consideration of the issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter.  It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to habeas relief.

I.      BACKGROUND

Petitioner is a federal inmate who was sentenced in the United States District Court for the Southern District of Florida on June 7, 2005, to two concurrent 120-month terms of imprisonment for importation of heroin and possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), 952(a) (doc. 10-1, attach. at 35–40).[1]  Petitioner is scheduled for release via good conduct time on November 4, 2012 (doc. 10-1, attach. 6, Declaration of Jeremy Jenkins ¶ 4).  It is anticipated he will be granted an early release, pursuant to 18 U.S.C. § 3621(e)(2)(B), on July 16,

_____

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

2012, upon successful completion of the Residential Drug Abuse Program ("RDAP") (doc. 10-1, attach. 4, attach. 6, Jenkins Decl. ¶ 4).

In the instant petition, Petitioner asserts two grounds for relief.  First, he claims he is entitled to immediate release because he satisfied the judgment of conviction and sentence by posting a bond, specifically "a [sic] equivalent $250,000.00 corporate surety bond," with the clerk of court in the Southern District (doc. 1 at 3; doc. 1-1 at 2–3).  Second, he contends the federal Bureau of Prisons ("BOP") improperly delayed his eligibility for RDAP and, therefore, his early release, by determining he was unqualified to participate in RDAP on March 19, 2010 (doc. 1 at 4; doc. 1-1 at 4–5, 13).  He was subsequently deemed qualified and entered RDAP on March 28, 2011 (*see* doc. 10-1, attachs. 3, 4).

Respondent contends Petitioner's first claim, that he is entitled to release for posting a corporate surety bond, is without merit (doc. 10 at 4–6).  Respondent argues Petitioner second claim, that he was wrongly delayed participation in RDAP, is unexhausted (*id.* at 6–8).  Further, the claim is without merit because the delay in Petitioner's enrollment in RDAP was due to his failure to submit proper documentation, which was not an abuse of discretion on the BOP's part (*id.* at 8; doc. 1-1, attach. 2).

II.    ANALYSIS

A.    Ground one:  Petitioner should be released from custody because he posted a corporate surety bond

Petitioner states on November 8, 2010, he deposited "a bond with a face value of $250,000.00" with the clerk of court in the Southern District, in satisfaction of an order issued by the district court on October 15, 2003 (prior to imposition of the judgment of conviction and sentence) requiring him to post a bond in that amount for his pre-trial release from custody (doc. 12 at 5).  Petitioner states he has offered to settle a pending federal tort claim for $260,000.00 (*id.* at 9).  He states that upon the Department of Justice's acceptance of his offer, $260,000.00 will be deposited into his inmate account, and $250,000.00 of that amount will be encumbered by the Southern District's security interest in the claim, which Petitioner has assigned to it (*id.*).  In support of his claim, Petitioner submitted a copy of an Order on Initial Appearance, rendered October 15, 2003, stating he shall be released from custody upon the posting of a $250,000.00 appearance bond

(doc. 1-1 at 7–8).  He argues the failure to release him, upon his receiving the tort claim settlement, would constitute a breach of contract.  Respondent submitted a copy of the bond documents submitted by Petitioner to the clerk of court in the Southern District, which included a copy of the tort claim he filed on June 11, 2010 (doc. 10-1 at 16–42).

Petitioner's claim is without merit.  The district court's order authorizing Petitioner's <u>pre-trial</u> release upon his posting an appearance bond did not authorize his <u>post-conviction</u> release prior to expiration of his sentence.  Therefore, Petitioner has failed to show he is entitled to habeas relief on this claim.

B.    <u>Ground two:  Petitioner is entitled to earlier release because the BOP improperly delayed his enrollment in RDAP</u>

Respondent contends Petitioner failed to exhaust his administrative remedies as to this claim (doc. 10 at 6–8).

It is well established that prisoners must exhaust administrative remedies before habeas relief may be granted, including relief pursuant to § 2241.  <u>Skinner v. Wiley</u>, 355 F.3d 1293, 1295 (11th Cir. 2004); <u>Carmona v. United States Bureau of Prisons</u>, 243 F.3d 629, 632, 634 (2d Cir. 2001) (addressing § 2241 petition); <u>Fuller v. Rich</u>, 11 F.3d 61, 62 (5th Cir. 1994) (addressing § 2241 petition); <u>Little v. Hopkins</u>, 638 F.2d 953, 953–54 (6th Cir. 1981) (discussing habeas petitions in general); <u>United States ex rel. Sanders v. Arnold</u>, 535 F.2d 848, 850–51 (3d Cir. 1976) (same); <u>Willis v. Ciccone</u>, 506 F.2d 1011, 1014–15, n.3 (8th Cir. 1974) (same).  "Exhaustion of administrative remedies is jurisdictional" when a petition for writ of habeas corpus is brought pursuant to § 2241 for release from a federal prison.  <u>Winck v. England</u>, 327 F.3d 1296, 1300 n.1 (11th Cir. 2003) (recognizing that although there is no statutory requirement that a federal inmate exhaust his administrative remedies prior to filing a § 2241 writ of habeas corpus, exhaustion is jurisdictional in the Eleventh Circuit); <u>Gonzalez v. United States</u>, 959 F.2d 211, 212 (11th Cir. 1992) (citing <u>United States v. Lucas</u>, 898 F.2d 1554, 1556 (11th Cir. 1990) (requirement that prisoners exhaust administrative procedures prior to seeking relief in district court is jurisdictional)); <u>United States v. Mitchell</u>, 845 F.2d 951, 952–53 (11th Cir. 1988) (district court does not have jurisdiction to entertain petition seeking sentence credit until defendant has exhausted his administrative remedies; after final administrative decision, a dissatisfied prisoner may seek review of that

decision) (citation omitted).  Also jurisdictional is "[t]he general rule . . . that a challenge to agency actions in the courts must occur after available administrative remedies have been pursued."  Boz v. United States, 248 F.3d 1299, 1300 (11th Cir. 2001) (per curiam) (internal quotation marks and citation omitted).

The BOP provides a four-level administrative grievance procedure for prisoner complaints. 28 C.F.R. § 542.10–542.15; United States Dep't of Justice, Federal Bureau of Prisons, Program Statement No. P1330.16.  Initially, prisoners must seek resolution of issues through informal grievances.  28 C.F.R. § 542.13(a); BOP Program Statement P1330.16, pp. 4–5.  If unsuccessful, an inmate may then file a formal written complaint with the warden of his institution on the BP-9 form.  28 C.F.R. §§ 542.13(a), 542.14; BOP Program Statement P1330.16, pp. 5–6.  An inmate who is not satisfied with the warden's response may appeal to the Regional Director on the BP-10 form. 28 C.F.R. § 542.15; BOP Program Statement P1330.16, pp. 7–8.  Finally, an inmate may appeal the Regional Director's response to the General Counsel for the BOP by submitting an appeal on a BP-11 form.  Id.

BOP regulations further provide that the administrative remedy coordinator at any level may reject and return to an inmate without response a request or appeal that does not meet the requirements of the administrative remedy program.  28 C.F.R. § 542.17(a); BOP Program Statement P1330.16, p. 9.  When a submission is rejected, the inmate must be provided a written notice explaining the reason for rejection.  28 C.F.R. § 542.17(b); BOP Program Statement P1330.16, p. 9.  If the defect on which the rejection is based is correctable, the notice must inform the inmate of a reasonable time extension within which to correct the defect and resubmit the request or appeal.  Id.  The BOP utilizes an index system, or SENTRY, to document when an inmate request or appeal is received, the identification number assigned, the subject of the request or appeal, the response, and the date of response.  BOP Program Statement P1330.16, pp. 10–13.  Inmates may request access to the administrative remedy indexes and responses.  28 C.F.R. § 542.19; BOP Program Statement P1330.16, p. 13.

In support of Respondent's exhaustion argument, Respondent submitted an affidavit of Mary Kiwanuka, an attorney for the BOP who has access to the BOP's records and is familiar with the BOP's administrative remedy procedures for inmates (doc. 10-1, attach. 1, Declaration of Mary

Kiwanuka ¶ 1).  Ms. Kiwanuka describes the BOP's administrative remedy program as set forth *supra* (Kiwanuka Decl. ¶ 3).  She states an inmate must pursue each step to complete the administrative remedy process (*id.*, ¶ 4).  Ms. Kiwanuka states she reviewed Petitioner's BOP records, which show that Petitioner submitted only one request for administrative remedy addressing his RDAP participation, that is, a BP-9 request to the warden dated April 9, 2010 (*id.*, ¶¶ 2, 5).  Ms. Kiwanuka states Petitioner's request was rejected without a response the same day, for failure to provide evidence of an attempt at informal resolution (*id.*, ¶ 5).  She states Petitioner was instructed to resubmit the request with appropriate documentation within five days, but he failed to do so (*id.*).  Ms. Kiwanuka states Petitioner did not properly file administrative remedies at all three levels of the administrative remedies process; therefore, he did not properly complete the process (*id.*, ¶ 6).

In response to Respondent's exhaustion argument, Petitioner states he made a good faith effort to exhaust administrative remedies (doc. 12 at 3).  He states he appealed to the Regional Director and to the General Counsel, but did not receive a response (*id.*).  He additionally argues the court should waive the exhaustion requirement in this case, because exhaustion would be futile (*id.* at 4).

Petitioner has failed to provide any evidence to support his assertion that he filed an appeal to the Regional Director and the General Counsel.  Further, records of any administrative requests and appeals he filed were available to him and could have been submitted in support of his argument.  Therefore, the undersigned concludes Petitioner failed to demonstrate he properly exhausted his administrative remedies prior to filing the instant habeas action.  Moreover, Petitioner failed to show that use of the administrative remedy process would have been futile had he promptly availed himself of it.  Therefore, the court is without jurisdiction to review the merits of Petitioner's claim that the BOP abused its discretion by delaying his participation in RDAP.

Accordingly it is respectfully **RECOMMENDED**:

1.      That Petitioner's claim that he is entitled to release from custody because he posted a bond be **DENIED with prejudice**.

2.    That Petitioner's claim that he is entitled to earlier release because the BOP improperly delayed his enrollment in RDAP be **DENIED without prejudice**, as this court does not have jurisdiction to consider the merits of Petitioner's claim due to his failure to exhaust his administrative remedies prior to filing his federal habeas action.

At Pensacola, Florida this 11th day of October 2011.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**